UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS KINSEY,

    Plaintiff,

v.                             Case No.: 8:19-cv-2658-T-33TGW

HUSQVARNA CONSTRUCTION PRODUCTS
NORTH AMERICA, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**I.   Background**

Plaintiff Dennis Kinsey initiated this Florida Civil Rights Act (FCRA) action in state court on May 23, 2019, alleging sex discrimination and harassment as well as retaliation against his former employer, Defendant Husqvarna Construction Products North America, Inc. (Doc. # 1-1). Husqvarna removed the case to this Court on October 25, 2019, based on Kinsey's responses to Husqvarna's first set of interrogatories. (Doc. # 1).

That same day, the Court entered an Order (Doc. # 3) explaining that it was not convinced that the amount in

1

controversy requirement had been satisfied by a preponderance of the evidence. Husqvarna filed a response to the Court's Order on November 1, 2019. (Doc. # 4).

II. **Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). Before delving into the merits of any case, this Court must determine "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Indeed, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Without jurisdiction the court cannot proceed at all in any cause." Id.

In removed cases, 28 U.S.C. § 1447(C) specifies: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "Any doubt as to propriety of removal should be resolved in favor of remand to state court." Tauriga Scis., Inc. v. ClearTrust, LLC, No. 8:14-cv-2545-T-33TBM, 2014 WL

5502709, at *2 (M.D. Fla. Oct. 30, 2014)(citing Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979)).

This action was removed to this Court on the basis of diversity jurisdiction. (Doc. # 1). When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The Complaint does not allege a specific amount of damages. (Doc. # 1-1 at 1). Instead, Husqvarna relies on Kinsey's answers to interrogatories from September 25, 2019, (Doc. # 1-6), and the allegations of the Complaint. Specifically, Husqvarna argues that the amount in controversy is met because Kinsey's back pay, front pay, compensatory damages for emotional distress, attorney's fees, and punitive

3

damages combined exceed $75,000. (Doc. # 4). The Court is not convinced by Husqvarna's calculation of the amount in controversy.

The Court does credit Husqvarna's calculation of Kinsey's back pay, which Kinsey listed in his answers to interrogatories along with a sufficient explanation of his calculation up to the date of September 10, 2019 — six weeks before this case was removed. (Doc. # 1-6 at 7; Doc. # 4). Thus, Husqvarna has established that the amount in controversy is at least $53,021.53 as of the date of removal. (Doc. # 4 at 2). Yet, this amount falls far short of the $75,000 threshold.

As the Court already explained in its Order directing Husqvarna to file more information, the Court will not include the $55,000 in front pay Kinsey listed in his answers to interrogatories in the amount in controversy calculation. (Doc. # 3). This amount is purely speculative and "[s]peculation regarding front pay cannot be used to supplement insufficient back pay for the purpose of meeting the jurisdictional requirement." Avery v. Wawa, Inc., No. 8:18-cv-403-T-33TGW, 2018 WL 1008443, at *3 (M.D. Fla. Feb. 22, 2018); see also Brown v. Am. Express Co., No. 09-61758-CIV, 2010 WL 527756, at *5 (S.D. Fla. Feb. 10, 2010)(removing

defendant suggested that one year of the plaintiff's base salary — $30,010.00 — was reasonable to include in the amount in controversy analysis, but the court found that to "include this figure in calculating the amount in controversy would require this Court to 'engage in impermissible speculation'").

Regarding attorney's fees, Husqvarna insists the Court should assume that Kinsey's attorney's fees up to the time of removal are at least $9,000. (Doc. # 4 at 4). But Husqvarna is merely speculating and provides no information about the attorney's fees Kinsey actually incurred before removal. Thus, the Court will not include this amount in the amount in controversy calculation.

And the Complaint does not specify the amount of compensatory damages sought. While Kinsey's answers to interrogatories state that he has been prescribed medication for anxiety and depression (Doc. # 1-6 at 9), no further detail on the extent of the emotional distress Kinsey suffered as a result of the alleged discrimination is provided that would allow the Court to estimate the compensatory damages. See Mathew v. S & B Eng'rs and Constr., Ltd., No. 8:08-cv-1801-T-33TGW, 2009 WL 249931 (M.D. Fla. Jan. 30, 2009)(holding that plaintiff's claim for unspecified

compensatory damages, her back pay damages of approximately $66,000, and evidence of her failure to stipulate regarding the jurisdictional amount were insufficient to establish the jurisdictional amount). And Husqvarna has presented no additional evidence regarding Kinsey's specific emotional distress or suffering. (Doc. # 4 at 2-3). The Court is not persuaded that the other FCRA cases cited by Husqvarna establish that Kinsey has actually suffered tens of thousands of dollars' worth of emotional distress as a result of Husqvarna's actions. Cf. Bragg v. Suntrust Bank, No. 8:16-cv-139-T-33TBM, 2016 WL 836692, at *2 (M.D. Fla. Mar. 4, 2016)("SunTrust cites to three prior employment discrimination cases in which plaintiffs were awarded damages in excess of $75,000 for mental anguish, [] but does not explain why that amount would be awarded in *this* case." (emphasis in original)).

Because the record is devoid of sufficient allegations regarding Kinsey's distress and Husqvarna failed to provide additional information about his distress, the Court cannot reasonably determine what amount of compensatory damages should be included in the amount in controversy. Cf. Golden v. Dodge-Markham Co., 1 F. Supp. 2d 1360, 1366 (M.D. Fla. 1998)("Compensatory damages are extremely nebulous. Making a

6

general blanket statement that, if Plaintiff prevails, compensatory damages could certainly entitle him to thousands of dollars, does not rise to the levels of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75.000.00."). Therefore, the Court will not include an amount of compensatory damages in its calculation.

Finally, concerning punitive damages, Husqvarna again provides only speculation. Husqvarna argues that $10,000 in punitive damages should be included in the amount in controversy calculation. (Doc. # 4 at 3). In support, Husqvarna cites to one FCRA case where the district court held that a "conservative estimate" of $10,000 in punitive damages should be included in the amount in controversy calculation. (Id.). But this Court disagrees that it is appropriate to include $10,000 in punitive damages, given that Husqvarna has provided no information suggesting that such award of punitive damages is likely in this case. Therefore, an estimation of punitive damages is overly speculative and will not be included in the Court's amount in controversy calculation. But, even if the Court were to add $10,000 in punitive damages to the $53,021.53 in estimated back pay up to the time of removal, the amount in controversy would still be less than $75,000.

In short, the Court is not convinced by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, Husqvarna has not carried its burden of establishing this Court's diversity jurisdiction. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Because the Court lacks subject matter jurisdiction, the Clerk is directed to **REMAND** this case to state court and, thereafter, **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of November, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE